IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MELVIN E. WILLIAMS,

      Petitioner,                    No. CIV S-08-0931 LKK EFB P

    vs.

MICHAEL MARTEL, Warden, et al.,

      Respondents.          ORDER AND
                                      FINDINGS AND RECOMMENDATIONS
_____/

        Petitioner, a prisoner without counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

        Petitioner seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). Examination of the *in forma pauperis* affidavit reveals that petitioner is unable to afford the costs of suit.

        The court has reviewed the petition in detail and, for the reasons explained below, finds that it must be dismissed. *See* Rule 4, Rules Governing Section 2254 Cases (requiring summary dismissal of habeas petition if, upon initial review by a judge, it plainly appears "that the petitioner is not entitled to relief in the district court").

////

////

1

A judge "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. A district court must entertain a habeas petition "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). By its nature, a petition for a writ of habeas corpus challenges the legality of the fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). However, suit under the civil rights statute is appropriate where a prisoner challenges the conditions of his confinement. *See Preiser*, 411 U.S. at 499. Even where the applicant challenges the fact or duration of confinement, a federal court cannot grant relief for alleged errors in the interpretation and application of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *Engle v. Issac*, 456 U.S. 107, 119 (1982); *Butcher v. Marquez*, 758 F.2d 373, 378 (9th Cir.1985); *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir.1985).

In his petition, petitioner seeks an order directing the Court of Appeal, Third Appellate District, to reinstate his appeal in *People v. Melvin Eugene Williams*, No. C054151. However, federal courts lack jurisdiction to issue a writ of mandamus to a state court. *Demos v. United States Dist. Court for the E. Dist. of Wash.*, 925 F.2d 1160, 1161 (9th Cir. 1991) (citing 28 U.S.C. § 1651). Construing the petition liberally, it appears that petitioner is not entitled to relief in the district court, as petitioner does not challenge his conviction or the execution of his sentence based on a violation of federal law or the U.S. Constitution.

Accordingly, it is hereby ORDERED that:

1. Petitioner's request for leave to proceed *in forma pauperis* is granted; and

2. The Clerk of the Court shall serve a copy of these findings and recommendations together with a copy of petitioner's May 1, 2008 petition for a writ of habeas corpus on Michael Patrick Farrell, Senior Assistant Attorney General for the State of California.

2

1     Further, it is hereby RECOMMENDED that this action be summarily dismissed because
2 it plainly appears from the face of the petition that petitioner is not entitled to relief pursuant to
3 28 U.S.C. § 2254.
4     These findings and recommendations are submitted to the United States District Judge
5 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days
6 after being served with these findings and recommendations, petitioner may file written
7 objections with the court. Such a document should be captioned "Objections to Magistrate
8 Judge's Findings and Recommendations." Failure to file objections within the specified time
9 may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455
10 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
11 Dated: April 14, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE